**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PEGASUS WIRELESS CORPORATION,

Defendants.

No. 09-02302 JSW

**ORDER DENYING MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by relief defendant Tammy Knabb ("Ms. Knabb") for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Having carefully considered the parties' papers, relevant legal authority, and the record in this case the Court finds the matter suitable for disposition without oral argument, VACATES the hearing set for 9:00 a.m. on September 25, 2009, and HEREBY DENIES Ms. Knabb's motion. *See* N.D. Civ. L. R. 7-1(b). The case management conference scheduled for September 25, 2009 remains on calendar and lead counsel for all parties shall appear for that conference.

**BACKGROUND**

This action involves an alleged securities fraud scheme by officers of Pegasus Wireless Corporation ("Pegasus"), a technology company once based in Fremont, California. (Compl. ¶ 1.) Ms. Knabb is a resident of South Carolina, and she was married at one point to Jasper Knabb, one of the alleged perpetrators of the securities fraud scheme. (*Id.* ¶ 14.)

1    Plaintiff alleges that Ms. Knabb received approximately $7.2 million in proceeds from
2 unlawful sales of Pegasus stock and has no legitimate claim to these funds. (*Id.*) The proceeds
3 were allegedly transferred into a bank account in Ms. Knabb's name, who allegedly used them
4 to pay Jasper Knabb's credit card bills. (*Id.* ¶ 48.) As such, Plaintiff, Securities and Exchange
5 Commission ("Plaintiff"), has named Ms. Knabb as a relief defendant, and it seeks an Order
6 requiring her to disgorge these allegedly ill-gotten gains.

**ANALYSIS**

**A.    Ms. Knabb's Motion to Dismiss for Lack of Personal Jurisdiction is Denied.**

9    Ms. Knabb moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure
10 12(b)(2) for lack of personal jurisdiction. In ruling on a 12(b)(2) motion, a court may hold an
11 evidentiary hearing on the motion or base its decision on the written materials and declarations
12 submitted by the by the parties. In either instance, the plaintiff bears the burden to establish
13 personal jurisdiction. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). The Court has not
14 deemed it necessary to conduct an evidentiary hearing on Ms. Knabb's motion. Therefore, the
15 Court bases its decision on the written materials and declarations submitted by the parties and
16 considers whether those materials establish a prima facie showing of personal jurisdiction.
17 *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Where the facts are
18 not directly controverted, Plaintiff's version of the facts is taken as true. *Id.* Likewise, the
19 Court must resolve factual conflicts between the parties in Plaintiff's favor, "'for purposes of
20 deciding whether a prima facie case for personal jurisdiction exists.'" *Doe v. Unocal Corp.*,
21 248 F.3d 915, 922 (9th Cir. 2001) (quoting *AT&T*, 94 F.3d at 588).

22   Ms. Knabb argues she is not subject to this Court's jurisdiction because she is not a
23 resident of California, has never lived or worked in California, and has not conducted any
24 business dealings in California. (*See* Declaration of Tammy Knabb.) Plaintiff's claims arise
25 under federal securities laws, which provide that a suit may be brought in the district "wherein
26 the defendant is found or is an inhabitant or transacts business." *See* 15 U.S.C. § 77v(a), 15
27 U.S.C. § 78aa. In such circumstances, the relevant jurisdictional inquiry centers on a
28 defendant's contacts with the United States. It does not focus on the individual state where the

court sits. *SEC v. Ross*, 504 F.3d 1130, 1140 (9th Cir. 2007) (holding that Section 22 of the Securities Act grants any district court nationwide service of process to obtain personal jurisdiction over parties who are properly served.); *Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir. 1985) ("Where a federal statute such as Section 27 of the [Securities Exchange] Act confers nationwide service of process, the question becomes whether the party has sufficient contacts with the United States, not any particular state."); *see also Go-Video, Inc. v. Akai Electric Co.*, 885 F.2d 1406, 1414 (9th Cir. 1989). Here, Ms. Knabb is a resident of South Carolina. (Compl. ¶ 14.) Therefore, Ms. Knabb has sufficient contacts with the United States and, therefore, is subject to the jurisdiction of this Court.

Ms. Knabb further argues that the nationwide service of process provisions apply only to those parties alleged to have violated federal securities law, *i.e.* to the named defendants. (*See* Reply at 2.) However, the Securities and Exchange Commission may sue a nominal defendant "to effect full relief in the marshaling of assets that are the fruit of the underlying fraud." *SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998). A relief, or nominal, defendant is a term that is "broad enough to encompass persons who are in possession of funds to which they have no rightful claim, such as money that has been fraudulently transferred by the defendant in the underlying securities enforcement action." *Ross*, 504 F.3d at 1141 (citing *Colello*); *SEC v. Hickey*, 322 F.3d 1123, 1130-32 (9th Cir. 2003) (upholding the district court's exercise of jurisdiction over a corporation nominally owned by the defendant's mother and into which the defendant had channeled proceeds of his securities law violations). Plaintiff alleges Ms. Knabb maintained a bank account through which defendant Jasper Knabb funneled proceeds from his securities fraud scheme. Ms. Knabb, therefore, was properly named as a nominal party to effect full relief. Thus, this Court has personal jurisdiction over Ms. Knabb, and her motion is denied.

**B.      Ms. Knabb's Motion to Dismiss for Failure to State a Claim is denied.**

Having concluded that the Court has jurisdiction, the Court turns to Ms. Knabb's argument that Plaintiff fails to state a claim. A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be

1 granted.  The complaint is construed in the light most favorable to the non-moving party and all
2 material allegations in the complaint are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478,
3 481 (9th Cir. 1986).  However, even under the liberal pleading standard of Federal Rule of Civil
4 Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to
5 relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a
6 cause of action will not do."  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007)
7 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

8 Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but
9 must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at
10 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
11 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
12 *Ashcroft v. Iqbal*, 123 S. Ct. 1937, 1940 (2009) (citing *Twombly*, 550 U.S. at 556).  "The
13 plausibility standard is not akin to a probability requirement, but it asks for more than a sheer
14 possibility that a defendant has acted unlawfully . . . .  When a complaint pleads facts that are
15 merely consistent with a defendant's liability, it stops short of the line between possibility and
16 plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation
17 marks omitted).  If the allegations are insufficient to state a claim, a court should grant leave to
18 amend, unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291,
19 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242,
20 246-47 (9th Cir. 1990).

21 Ms. Knabb maintains she does not currently own or hold any property derived from
22 alleged wrongful conduct of the defendants in the underlying action.  In order to state a claim
23 against Ms. Knabb, Plaintiff must alleged that she (1) received ill-gotten funds, and (2) has no
24 legitimate claim to those funds.  *Colello*, 139 F.3d at 677.  Plaintiff alleges that Ms. Knabb
25 received approximately $7.2 million in ill-gotten funds and had no legitimate claim to the funds.
26 Therefore, Plaintiff alleges sufficient facts to show Ms. Knabb received ill-gotten funds.
27 Accordingly, her motion to dismiss for failure to state a claim is denied.
28

4

**CONCLUSION**

For the foregoing reasons, the Court DENIES Ms. Knabb's motion to dismiss.

**IT IS SO ORDERED.**

Dated: September 21, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE