MARC J. FAGEL (Cal. Bar. No. 154425)
ROBERT L. MITCHELL (Cal. Bar No. 161354)
  mitchellr@sec.gov
ROBERT S. LEACH (Cal. Bar No. 196191)
  leachr@sec.gov
SUSAN FLEISCHMANN (Cal. Bar No. 207194)
  fleischmanns@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 3:09-cv-02302-JSW |
| Plaintiff, | [PROPOSED] JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT STEPHEN DURLAND |
| vs. | |
| PEGASUS WIRELESS CORPORATION, JASPER KNABB, and STEPHEN DURLAND, | AS MODIFIED HEREIN |
| Defendants, | |
| and | |
| AERO-MARINE, LLC and TAMMY KNABB, | |
| Relief Defendants. | |

[Proposed] Judgment Against Defendant
Stephen Durland
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW

Plaintiff Securities and Exchange Commission ("Commission"), having filed a Complaint in this matter, and Defendant Stephen Durland ("Defendant"), having entered a general appearance and executed a Consent of Defendant Stephen Durland to Entry of Judgment of Permanent Injunction and Other Relief ("Consent"), in which among other things, Defendant consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations in the Complaint (except as to jurisdiction, which Defendant admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

    A.    employing any device, scheme, or artifice to defraud; or

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3)].

## II.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are

[Proposed] Judgment Against Defendant Stephen Durland
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW

1

permanently restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

## III.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement

[Proposed] Judgment Against Defendant Stephen Durland
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW
    2

has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], by knowingly falsifying the books, records, or accounts of any company which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or which is required to file reports pursuant to Section 15(d) of the Exchange Act 15 U.S.C. § 78*o*(d)].

V.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified, the books, records, or accounts of any company which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or which is required to file reports pursuant to Section 15(d) of the Exchange Act 15 U.S.C. § 78*o*(d)].

VI.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, directly or indirectly, in connection with (a) an audit, review, or examination of the

[Proposed] Judgment Against Defendant Stephen Durland
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW

3

financial statements of an issuer required to be made pursuant to Commission rules, or (b) the preparation or filing of any document or report required to be filed with the Commission pursuant to Commission rules: (1) making or causing to be made a materially false or misleading statement to an accountant, or (2) omitting to state, or causing another person to omit to state, a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading to an accountant.

VII.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from aiding and abetting violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly providing substantial assistance to any issuer of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] in filing with the Commission annual, quarterly, or current reports that, among other things, contain untrue statements of material fact or omit to state material information necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

VIII.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by falsely signing personal certifications indicating that they have reviewed periodic reports containing financial statements that an issuer filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and that, based on their knowledge: (a) these reports do not contain any untrue statement of material fact or omit to state a material fact necessary to make the

statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report; and (b) that the information contained in the reports fairly presents, in all material respects, the financial condition and results of the issuer's operations.

IX.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Exchange Act Rule 16a-3 [17 C.F.R. § 240.16a-3] by failing, as an officer or director of an issuer of securities registered pursuant to Section 12 of the Exchange Act [15 U.S. C. § 78*l*], to file timely and accurate statements with the Commission regarding changes in their beneficial ownership of the issuer's securities.

X.

IT IS FURTHER ORDERED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from June 1, 2005, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the

standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## XI.

IT IS FURTHER ORDERED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78*o*(d)].

## XII.

IT IS FURTHER ORDERED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## XIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XIV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Date: September 28, 2010

*/s/ Jeffrey S. White*
UNITED STATES DISTRICT JUDGE

It is FURTHER ORDERED that notwithstanding Defendant Durland's waiver of service of this Judgment, Plaintiff shall serve a copy of this Judgment on Durland and shall file proof of such service with the Court.

[Proposed] Judgment Against Defendant Stephen Durland
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW

6