MARC J. FAGEL (Cal. Bar. No. 154425)
ROBERT L. MITCHELL (Cal. Bar No. 161354)
  mitchellr@sec.gov
ROBERT S. LEACH (Cal. Bar No. 196191)
  leachr@sec.gov
SUSAN FLEISCHMANN (Cal. Bar No. 207194)
  fleischmanns@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 3:09-cv-02302-JSW |
| Plaintiff, | **[PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT STEPHEN DURLAND** |
| vs. | |
| PEGASUS WIRELESS CORPORATION, JASPER KNABB, and STEPHEN DURLAND, | |
| Defendants, | |
| and | |
| AERO-MARINE, LLC and TAMMY KNABB, | |
| Relief Defendants. | |

This matter came on for hearing on the motion of plaintiff Securities and Exchange Commission ("Commission"") for financial remedies against defendant Stephen Durland ("Defendant").  Having considered all of the pleadings and other papers submitted in support of and in opposition to the motion, as well as all matters presented at hearing, the Court hereby GRANTS the motion, and orders Durland to pay the financial sanctions set forth below.  In addition, the Court incorporates into this Final Judgment all of the injunctive relief it previously granted against defendant Durland (Dkt. No. 76 ) pursuant to the Consent of Defendant Stephen Durland to Entry of Judgment of Permanent Injunction and Other Relief ("Consent") (Dkt. No. 73).  Accordingly:

I.

IT IS HEREBY ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

A. employing any device, scheme, or artifice to defraud; or

B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3)].

II.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them,

are permanently restrained and enjoined from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

### III.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement

[Proposed] Final Judgment Against Defendant Stephen Durland
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW

2

has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], by knowingly falsifying the books, records, or accounts of any company which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or which is required to file reports pursuant to Section 15(d) of the Exchange Act 15 U.S.C. § 78*o*(d)].

V.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified, the books, records, or accounts of any company which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or which is required to file reports pursuant to Section 15(d) of the Exchange Act 15 U.S.C. § 78*o*(d)].

VI.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, directly or indirectly, in connection with (a) an audit, review, or examination of the

[Proposed] Final Judgment Against Defendant                3
Stephen Durland
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW

financial statements of an issuer required to be made pursuant to Commission rules, or (b) the preparation or filing of any document or report required to be filed with the Commission pursuant to Commission rules:  (1) making or causing to be made a materially false or misleading statement to an accountant, or (2) omitting to state, or causing another person to omit to state, a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading to an accountant.

## VII.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from aiding and abetting violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 12b-20, 13a-1, 13a-11, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13] by knowingly providing substantial assistance to any issuer of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] in filing with the Commission annual, quarterly, or current reports that, among other things, contain untrue statements of material fact or omit to state material information necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

## VIII.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by falsely signing personal certifications indicating that they have reviewed periodic reports containing financial statements that an issuer filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and that, based on their knowledge:  (a) these reports do not contain any untrue statement of material fact or omit to state a material fact necessary to make

the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report; and (b) that the information contained in the reports fairly presents, in all material respects, the financial condition and results of the issuer's operations.

IX.

IT IS FURTHER ORDERED THAT defendant Stephen Durland and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Exchange Act Rule 16a-3 [17 C.F.R. § 240.16a-3] by failing, as an officer or director of an issuer of securities registered pursuant to Section 12 of the Exchange Act [15 U.S. C. § 78*l*], to file timely and accurate statements with the Commission regarding changes in their beneficial ownership of the issuer's securities.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $_____, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $_____, and a civil penalty in the amount of $_____ pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying a total of $_____ within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Stephen Durland as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds

[Proposed] Final Judgment Against Defendant Stephen Durland
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW

5

shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf

[Proposed] Final Judgment Against Defendant    6
Stephen Durland
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW

of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## XI.

IT IS FURTHER ORDERED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § *78l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § *78o*(d)].

## XII.

IT IS FURTHER ORDERED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## XIII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XIV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Date: _____, 2011

_____
UNITED STATES DISTRICT JUDGE

[Proposed] Final Judgment Against Defendant
Stephen Durland
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW

7