**United States District Court**
For the Northern District of California

1
2
3
4
5              **NOT FOR PUBLICATION**

6              IN THE UNITED STATES DISTRICT COURT

7
8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   SECURITIES AND EXCHANGE                  No.  C 09-02302 JSW
    COMMISSION,
10                                            **ORDER FOLLOWING HEARING**
                 Plaintiff,
11
        v.
12
    PEGASUS WIRELESS CORPORATION, et
13  al.,

14               Defendants.

15
    _____/
16

17         On August 12, 2011, this matter came before the Court for a hearing on the Plaintiff's

18  Motion for Financial Remedies and Default Judgment.  Counsel for Plaintiff appeared at the

19  hearing, and counsel for Defendant Jasper Knabb ("Mr. Knabb") appeared by telephone.  On or

20  about August 10, 2011, this Court received a Second Renewed Motion to Appoint Counsel from

21  Defendant Stephen Durland ("Mr. Durland"), which the Court shall have filed forthwith.  Mr.

22  Durland did not appear at the hearing.

23         **1.      Motion for Financial Relief.**

24         Having considered the Plaintiff's papers, the Motion for Miscellaneous Relief filed by

25  Mr. Knabb, the Second Renewed Motion for Appointment of Counsel filed by Mr. Durland,

26  relevant legal authority, and the record in this case, the Court has determined that it is

27  appropriate to defer ruling on Plaintiff's motion for financial remedies as to Mr. Knabb and Mr.

28  Durland until their criminal proceedings have been resolved.  For this reason, the Court also

1    shall defer ruling on Mr. Durland's renewed motion for appointment of counsel.

2           **2.      Motion for Default Judgments.**

3           The Court also has considered the Plaintiff's motion for default judgments, pursuant to

4    Federal Rule of Civil Procedure 55, against Defendant Pegasus Wireless Corporation

5    ("Pegasus") and relief Defendant Aero-Marine, LLC ("Aero-Marine").  The Clerk entered

6    default against Pegasus on July 10, 2009.  (Docket No. 31.)  The Clerk also entered default

7    against Aero-Marine on September 22, 2010.  (Docket No. 69.)  Pegasus and Aero-Marine were

8    served with written notice of the request for default judgment.  (Docket No. 117.)  Neither

9    Pegasus nor Aeromarine have filed an opposition to the motion, and they did not appear at the

10   hearing.

11          Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter judgment against

12   a defendant against whom a default has been entered, assuming that defendant is not an infant,

13   is not incompetent, or the United States government.  The determination to grant or deny a

14   request to enter default judgment is within the trial court's discretion.  That determination

15   should be guided by the following factors enumerated by the Ninth Circuit: (1) the substantive

16   merits of the plaintiffs' claims; (2) the sufficiency of the complaint; (3) the amount of money at

17   stake; (4) the possibility of prejudice to plaintiffs if relief is denied; (5) the possibility of dispute

18   as to any material facts in the case; (6) whether default resulted from excusable neglect; and (7)

19   the strong preference of the Federal Rules of Civil Procedure to make decisions on the merits.

20   *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

21          In considering the sufficiency of the complaint and the merits of the plaintiff's

22   substantive claims, facts alleged in the complaint not relating to damages are deemed to be true

23   upon default.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P.

24   8(d).  On the other hand, a defendant is not held to admit facts that are not well-pleaded or to

25   admit conclusions of law.  *See Direct-TV, Inc. v. Hyunh,* 503 F.3d 847, 854 (9th Cir. 2007)

26   (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

27   As a result, where the allegations in a complaint are not "well-pleaded," liability is not

28   established by virtue of the defendant's default and default judgment should not be entered.  *Id.*

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

### a.       Possible Prejudice to Plaintiff

The Court finds that Plaintiff would suffer prejudice if default judgment is not entered because Plaintiff would be without another course of recovery against these defendants, and this factor therefore weights in favor of granting Plaintiff's motion.

### b.       Sufficiency of the Complaint and Substantive Merits of Claim

Plaintiff alleges that Pegasus violated various provisions of the federal securities law. Taking the well-pleaded allegations of the Complaint as true, the Court concludes that Plaintiff has sufficiently alleged violations of these laws, and it also has established that Aero-Marine received funds to which was not entitled.  (*See* Compl. ¶¶ 8, 22-77.)

### c.       The Sum of Money at Stake

Plaintiff asks that the Court order Pegasus and Aero-Marine to disgorge $5.75 million and $9,997,817.53, respectively, and it seeks prejudgment interest on these sums.  Thus, there is a large sum of money at stake.  However, because Pegagus and Aero-Marine were provided notice of the relief that Plaintiff seeks and chose not to respond, the Court concludes that this factor supports entry of default judgment.

### d.       Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor examines the likelihood of dispute concerning the material factors surrounding the case.  As detailed above, Plaintiff has sufficiently alleged that Pegasus violated various provisions of federal securities laws and has sufficiently alleged that Aero-Marine received ill-gotten gains.  In addition, Mr. Knabb, who was the president, chairman and C.E.O. of Pegaus, and Mr. Durland, who was the C.F.O. of Pegasus, each have entered into consent judgments regarding liability, and they also have entered into plea agreements in related criminal proceedings.  It is therefore unlikely that Pegasus, would be able to present facts raising any dispute as to these allegations.  Accordingly, this factor favors entry of default judgment.

### e.       Excusable Neglect

There is no indication that Pegasus' or Aero-Marine's failure to answer or appear was the result of excusable neglect.  The Complaint in this action was served on Pegasus on May 26,

3

1   2009, and was served on Aero-Marine on June 17, 2009.  (Docket Nos. 13-14, 22.)  There has

2   been no attempt by Pegasus or Aero-Marine to respond to Plaintiff's allegations.  Therefore, the

3   Court concludes that the failure to respond by Pegasus and Aero-Marine was not due to

4   excusable neglect.

5   **f.      Policy for Deciding on the Merits**

6          The last *Eitel* factor examines whether the strong policy favoring deciding cases on the

7   merits prevents a court from entering default judgment.  Default judgments are disfavored, and

8   cases should be decided on the merits when possible.  *Pena v. Seguros La Comercial, S.A.*, 770

9   F.2d 811, 814 (9th Cir. 1985).  Where, as here, a defendant's failure to appear "makes a

10  decision on the merits impractical, if not impossible," entry of default judgment is warranted.

11  *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).  Pegasus and Aero-

12  Marine have had ample notice of the suit and many opportunities to appear.  On this record, it is

13  clear to the Court that given that their failure to appear or respond in this matter, a decision on

14  the merits as to either of these defendants is impossible.  This final factor favors entry of default

15  judgment as well.

16  **CONCLUSION**

17         For the foregoing reasons, the Court reserves ruling on the motion for financial remedies

18  against Messrs. Knabb and Durland and the renewed motion for appointment of counsel.  The

19  Court GRANTS Plaintiff's motion for default judgment against Pegasus and Aeromarine, and

20  the Court shall enter separate judgments as to them.

21         The Court VACATES the case management conference previously scheduled for

22  August 26, 2011 at 1:30 p.m., and HEREBY SETS a further status conference for Friday,

23  December 9, 2011, at 1:30 p.m.  The parties shall submit a joint status report to the Court by no

24  later than Monday, November 7, 2011.

25  //

26  //

27  //

28  //

**United States District Court**
For the Northern District of California

4

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff is HEREBY ORDERED to serve a copy of this Order and the Judgments entered this date on all interested parties, and shall file proof of such service with the Court.

**IT IS SO ORDERED.**

Dated: August 12, 2011

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE