**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PEGASUS WIRELESS CORPORATION,<br><br>Defendants.<br>_____/ | No. C 09-02302 JSW<br><br>**ORDER GRANTING IN PART MOTION FOR FINANCIAL REMEDIES; DENYING MOTION TO APPOINT COUNSEL**<br><br>**(Dockets 107, 130)** |

This matter comes before the Court upon consideration of the motion for financial remedies filed by Plaintiff, the Securities and Exchange Commission ("SEC"), the motion to appoint counsel filed by Defendant, Stephen Durland ("Mr. Durland"). (Docket Nos. 107, 130.) The Court previously deferred ruling on the motion for financial remedies and Mr. Durland's motion to appoint counsel, pending resolution of the criminal proceedings in this matter. (*See* Docket No. 131.) Although those proceedings are not yet final as to Defendant Jasper Knabb ("Mr. Knabb"), the Court concludes that a ruling is warranted at this time. The Court has considered the motions, relevant legal authority, and the record in this case.[1]

---

[1] On March 6, 2012, the Court issued an Order directing the SEC to set forth the exact amount of civil penalties it requested. On March 7, 2012, the SEC sent, but did not file, a letter requesting an extension of time to comply with that Order. The Court notes for counsel's benefit that it does not accept letter briefs and all requests for relief should be in pleading format and electronically filed. However, because the Court has determined that it will not impose civil penalties on either Mr. Knabb or Mr. Durland, the SEC's request for an extension is moot and the Order dated March 6, 2012 is VACATED.

The Court HEREBY GRANTS, IN PART, the SEC's motion and DENIES Mr. Durland's motion for appointment of counsel.[2]

## BACKGROUND

On May 26, 2009, the SEC filed this action against Mr. Durland and Mr. Knabb and alleged that they violated various provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. (Docket No. 1.)

On September 28, 2010, the Court approved consent judgments between the SEC and Mr. Durland and between the SEC and Mr. Knabb. Those Consent Judgments provide that Mr. Knabb and Mr. Durland:

> shall pay disgorgement of ill gotten gains, prejudgment interest thereon, and civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the [SEC]. Prejudgment interest shall be calculated from June 1, 2005, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

(*See* Docket Nos. 63 (Knabb Stipulation, ¶ 3), 64 (Knabb Consent Judgment § IX), 73 (Durland Stipulation, ¶ 3), 76 (Durland Consent Judgment § X).)

In addition to these civil proceedings, both Mr. Durland and Mr. Knabb were indicted in connection with the events giving rise to this claim and entered guilty pleas. Mr. Durland has been sentenced to a term of thirty-three months imprisonment to be followed by three years of supervised release. Mr. Knabb is scheduled to be sentenced on June 7, 2012. *See United States v. Knabb*, 11-CR-09-JSW.

## ANALYSIS

**A. Motion for Appointment of Counsel.**

Mr. Durland asks this Court to appoint counsel. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request that an attorney represent a person who is unable to afford counsel. Unless a

---

[2] On March 7, 2012, Mr. Knabb's counsel filed a motion to withdraw, which was superseded by a motion filed on March 8, 2012. The Court notes that it held a hearing on this motion on August 12, 2011. Counsel appeared for Mr. Knabb at that hearing and noted that Mr. Knabb did not object to disgorgement in the amount requested by the SEC, but that he would object to any further statutory penalties. (*See* Docket No. 129.)

party may lose his physical liberty if he loses the case, in general there is no constitutional right to an attorney in a civil action. *See Lassiter v. Dep't of Soc. Serv. of Durham Cnty., N.C.*, 452 U.S. 18, 25 (1981); *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (citation omitted). Nonetheless, the court may request counsel under § 1915(e)(1), but only in "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To determine whether "exceptional circumstances" exist, the trial court should evaluate (1) the likelihood of the indigent party's success on the merits and (2) the indigent party's ability to articulate her claims in light of the complexity of the legal issues involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quotations and citation omitted).

The only issue that remains to be decided is the amount of monetary relief that may be imposed on Mr. Durland. In light of the fact that the Court has decided it will not impose civil penalties on Mr. Durland, as discussed in more detail below, the Court finds that there are no exceptional circumstances that warrant appointment of counsel.

Accordingly, the Court DENIES the motion.

**B.      Motion for Financial Remedies.**

The SEC asks this Court to order Mr. Knabb and Mr. Durland to disgorge their ill-gotten gains, to pay pre-judgment interest, and to pay civil penalties in accordance with the Consent Judgments. A district court has "broad equity powers to order the disgorgement of 'ill-gotten' gains obtained through the violation of federal securities laws." *SEC v. JT Wallenbrock*, 440 F.3d 1109, 1113 (9th Cir. 2006); *see also SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1191 (9th Cir. 1998). Disgorgement should include "all gains flowing from the illegal activities," and need only be "a reasonable approximation of profits causally connected to the violation." *JT Wallenbrock*, 440 F.3d at 1114 (internal quotation marks and citations omitted); *see also First Pac. Bancorp*, 142 F.3d at 1192 n.6. In cases such as these, where a defendant profits from the illegal sale of unregistered securities, a court may measure disgorgement by the amount of proceeds obtained. *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1097 (9th Cir. 2010).

The SEC submits evidence that Mr. Knabb received total proceeds in the amount of $29,030,962 and that Mr. Durland received total proceeds in the amount of $2,090,300. (*See* Declaration of Caroline Van Alst, ¶ 12, Ex. C.) Neither Mr. Durland nor Mr. Knabb dispute those amounts. The SEC calculates that the prejudgment interest, using the rate set forth in the Consent Judgments, on these amounts is $11,816,838.79 for Mr. Knabb and $850,841.18 for Mr. Durland. (*See* Declaration of Robert L. Mitchell, ¶¶ 26-27, Exs. 26, 27.)

The SEC also asks the Court to impose civil penalties on Mr. Knabb and Mr. Durland. The Securities Act and the Exchange Act set forth a three-tiered regime for civil penalties. *See* 15 U.S.C. § 77t(d)(2); 15 U.S.C. § 77u(d)(3)(B); 17 C.F.R. § 201.1001. In this case, the SEC asks that the Court award third-tier maximum penalties, which are the greater of $120,000 for an individual or the gross amount of the defendant's pecuniary gain. *Id.* In order to determine whether to impose such penalties, the Court may consider various factors, including, but not limited to, the egregiousness of the violations at issue, defendants' scienter, whether the violations were isolated or repeated, a defendants' financial worth, other penalties that might be imposed on the defendant as a result of his conduct, or a defendants lack of cooperation and honesty with authorities, if any. *See, e.g., SEC v. Sargent*, 329 F.3d 34, 41-42 (1st Cir. 2003); *SEC v. Lybrand*, 281 F. Supp. 2d 726, 730 (S.D.N.Y. 2003).

The Court has no doubt that the defendants' violations were egregious and that they acted with scienter. Their conduct also had a huge impact on their victims. However, the defendants entered pleas of guilty in related criminal proceedings. Indeed, Durland admitted his guilt very early on in those proceedings and was honest with the authorities. With respect to their financial condition, the amount of disgorgement and prejudgment interest will put a significant strain on both defendants. Civil penalties are intended as a punitive measure. *See, e.g., Sargent*, 329 F.3d at 41. Because each of the defendants will be incarcerated as a result of their conduct, the Court declines to impose civil penalties in this case.

## CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Durland's motion to appoint counsel. The Court GRANTS IN PART the SEC's motion for financial remedies.

4

The Court HEREBY ORDERS Mr. Knabb to disgorge $29,030,962 in ill-gotten gains and to pay $11,816,838.79 in prejudgment interest, for a total of $40,847,800.79.

The Court HEREBY ORDERS Mr. Durland to disgorge $2,090,300 in ill-gotten gains and to pay $850,841.18 in prejudgment interest, for a total of $2,941,141.18.

It is FURTHER ORDERED that the SEC shall serve a copy of this Order and the Amended Judgment and Mr. Durland. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 9, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE