1  MARC J. FAGEL (Cal. Bar. No. 154425)
   ROBERT L. MITCHELL (Cal. Bar No. 161354)
2    mitchellr@sec.gov
   ROBERT S. LEACH (Cal. Bar No. 196191)
3    leachr@sec.gov
   SUSAN FLEISCHMANN (Cal. Bar No. 207194)
4    fleischmanns@sec.gov

5  Attorneys for Plaintiff
   SECURITIES AND EXCHANGE COMMISSION
6  44 Montgomery Street, Suite 2600
   San Francisco, California 94104
7  Telephone: (415) 705-2500
   Facsimile: (415) 705-2501

**ORIGINAL FILED**

AUG 09 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**SEALED BY ORDER OF COURT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 3:09-cv-02302-JSW |
| Plaintiff, | [PROPOSED] FINAL JUDGMENT AGAINST RELIEF DEFENDANT TAMMY KNABB |
| vs. | |
| PEGASUS WIRELESS CORPORATION, JASPER KNABB, and STEPHEN DURLAND, | UNDER SEAL VERSION |
| Defendants, | |
| and | |
| AERO-MARINE, LLC and TAMMY KNABB, | |
| Relief Defendants. | |

[Proposed] Final Judgment Against
Relief Defendant Tammy Knabb
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW

COPIES MAILED TO SUBMITTING COUNSEL

Plaintiff Securities and Exchange Commission ("Commission"), having filed a Complaint in this matter, and relief defendant Tammy Knabb ("Relief Defendant"), having entered a general appearance and executed a Consent of Relief Defendant Tammy Knabb to Entry of Final Judgment ("Consent"), in which among other things, Relief Defendant consented to the Court's jurisdiction over her and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations in the Complaint (except as to jurisdiction, which Relief Defendant admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED THAT that Relief Defendant shall pay disgorgement of $7,263,666.17, together with prejudgment interest thereon in the amount of $1,923,752.10, for a total of $9,187,418.27. In partial payment of this amount, Relief Defendant shall convey the three parcels of real property described in Section II, below, in accordance with the requirements of that Section of the Final Judgment. Upon completion of the requirements of Section II, below, and based on the sworn representations in Relief Defendant's Statement of Financial Condition dated February 8, 2011, and other documents and information submitted to the Commission, however, all remaining disgorgement and prejudgment interest shall be waived. The determination to waive payment of all remaining disgorgement and prejudgment interest is contingent upon the accuracy and completeness of Relief Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Relief Defendant's representations to the Commission concerning her assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Relief Defendant, petition the Court for an order requiring Relief Defendant to pay all or any portion of the unpaid portion of the disgorgement, prejudgment and post-judgment interest thereon. In

[Proposed] Final Judgment Against 1
Relief Defendant Tammy Knabb
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW

connection with any such petition, the only issue shall be whether the financial information provided by Relief Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Relief Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Relief Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, prejudgment and post-judgment interest should not be ordered; (4) contest the amount of disgorgement and prejudgment and post-judgment interest; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

II.

IT IS FURTHER ORDERED THAT, except as provided by this Final Judgment, Relief Defendant shall not grant, sell, convey or otherwise dispose, or mortgage or encumber in any way, the following three parcels of real property (the "Properties"):

(a) 3528 Golf Avenue, Little River, SC 29566

(b) 4916 Darby Lane, Myrtle Beach, SC 29579

(c) 8100 Sky Mountain Lane, Anchorage, AK 99502

Upon further motion by the Commission, the Court shall appoint a liquidation agent to dispose of the Properties. Relief Defendant shall take all steps necessary to convey the Properties in accordance with the instructions of the liquidation agent. Relief Defendant shall convey each parcel within 30 days of written notice by the liquidation agent as to such parcel, given to Relief Defendant at the following address: Ms. Tammy Knabb, c/o Nina Marino, Esq., Kaplan Marino, PC, 9454 Wilshire Blvd., Suite 500, Beverly Hills, CA 90212-2908.

1     After conveying the Properties, Relief Defendant shall have no further claim on, or interest in, the Properties, or in the proceeds of any sale or sales of the Properties.

III.

    IT IS FURTHER ORDERED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

    IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

    There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Date: August 9, 2011

*/s/ Jeffrey S. White*
UNITED STATES DISTRICT JUDGE

Approved as to form:

_____
Nina Marino
KAPLAN MARINO, PC
9454 Wilshire Blvd Ste 500
Suite 500
Beverly Hills, CA 90212-2908

Attorneys for Relief Defendant
TAMMY KNABB

Presented by:

_____
Robert L. Mitchell
Counsel for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, CA 94104

[Proposed] Final Judgment Against
Relief Defendant Tammy Knabb
SEC v. Pegasus Wireless Corporation, et al.
Case No. 3:09-cv-02302-JSW

3